# Ball's Estate.

*Trusts and trustees—Auditor—Distribution of fund.*

An auditor appointed to settle the account of a trustee and to report distribution has no authority to pass upon a claim by an executor of one of the distributees under the deed of trust against an assignee of the distributee's share, based on a right of action to recover another and distinct fund arising from the share assigned at the time of the assignment, and for a consideration that covered both.

Argued Jan. 21, 1908. Appeal, No. 30, Jan. T., 1908, by L. M. Taussig, from decree of C. P. No. 4, Phila. Co., March Term, 1891, No. 931, dismissing exceptions to auditor's report in Trust Estate of George B. W. Ball and wife. Before MITCH-ELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEW-ART, JJ. Affirmed.

Exceptions to report of B. Gordon Bromley, Esq., auditor. The opinion of the Supreme Court states the case.

*Error assigned* was in dismissing exceptions to auditor's report.

*E. Spencer Miller*, with him *William Trautwine, Jr.*, and *Joshua Matlack*, for appellants.

*J. Howard Morrison*, for appellee.

OPINION BY MR. JUSTICE FELL, March 16, 1908:

Robert H. Ball had a vested interest in remainder in a trust estate settled by his father and mother by deed in 1882. At the death of his mother he was entitled to receive one-third of the share set apart for him; the rest of the share was to be held in trust for him for life. In 1895 he sold and assigned the third of his share to the United States Life Insurance and Trust Company. He died in 1897. Upon the death of his mother in 1904, an auditor was appointed to settle the account of the trustee and to report distribution.

At the audit the claim of the company to the share it had

bought was contested by the administratrix of the estate of Robert H. Ball. The ground of objection to the claim, as stated in an offer of proof, was that at the time of the sale of the share and as a part of the same transaction Robert H. Ball obtained for the company a policy of insurance on his life; that the money paid by the company was for this and for the assignment of the share; that it did not then or since have any interest in his life and the policy was a wagering one; that it realized from the policy a sum sufficient to reimburse it for all payments made with interest thereon. The rejection of this offer of evidence gives rise to the only question involved in this appeal.

The account before the auditor was that of the trustee of the estate of Geo. B. W. Ball and wife, and in reporting distribution the auditor was to determine who were entitled to shares of the estate under the terms of the deed or by virtue of assignments of interests by those entitled thereunder. Had the validity of the assignment been questioned, or had there been a dispute as to whether it was absolute or conditional, it would have been the duty of the auditor to hear testimony and decide these matters. But the validity of the assignment was not disputed and it was conceded that it was absolute and unqualified. There was an out and out sale of the share. The only basis of the appellant's contention was that the appellee had received the proceeds of a policy of insurance on a life in which it had no insurable interest and that, as against the estate of the insured, the law would not permit it to retain the money; in other words, that she had a right of action to recover another and distinct fund arising from a thing assigned at the same time the share was assigned and for a consideration that covered both. Her claim was that of a creditor of the appellee on which the auditor had no authority to pass.

The decree is affirmed at the cost of the appellant.